UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TREVION SPRINGER, <br><br> on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KIRCHHOFF AUTOMOTIVE USA INC. <br> c/o Resident Agent James A. Schriemer, <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br><br> **PLAINTIFF'S COMPLAINT** <br><br> (Jury Demand Endorsed Herein) |

Now comes Plaintiff Trevon Springer, by and through undersigned counsel, and for his Complaint against Kirchhoff Automotive USA Inc. ("Defendant") states and alleges the following:

## INTRODUCTION

1. Plaintiff institutes this "collective action" as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated manufacturing employees, for all hours worked, including overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has personal jurisdiction over Defendant because its principal place of business is in Michigan.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7. At all times relevant herein, Defendant was a corporation organized under the laws of the State of Delaware, with its principal place of business in Ann Arbor, Washtenaw County, Michigan.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

13. Defendant produces auto body structures and operates manufacturing facilities throughout the United States.

14. Since approximately October 2022, Defendant employed Plaintiff as a manufacturing employee at its Waverly, Ohio facility.

15. Specifically, Plaintiff worked as a cell operator.

16. At all times relevant herein, Defendant employed similarly-situated manufacturing employees at its facilities throughout the United States.

17. Plaintiff's duties, and the duties of other similarly situated manufacturing employees, included, but were not limited to, preparing items to be loaded and/or unloaded from the assembly line..

18. Defendant classified Plaintiff and other similarly situated

3

manufacturing employees as non-exempt from the FLSA's compensation requirements.

19. Defendant paid Plaintiff and other similarly situated manufacturing employees on an hourly basis.

20. Plaintiff and other similarly situated manufacturing employees frequently worked more than 40 hours per week.

21. Plaintiff works, on average, 45 hours each week.

**(Failure to Pay for All Hours Worked)**

22. Defendant only paid Plaintiff and other similarly situated manufacturing employees for work performed between their scheduled start and stop times and did not pay them for the following work they performed before their scheduled start times and/or after their scheduled stop times: (a) changing into and out of personal protective equipment including, *inter alia*, ear plugs, gloves, safety glasses, a shirt, and/or sleeves; (b) walking to their assigned work area; and/or (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop times.

23. Defendant required Plaintiff and other similarly situated manufacturing employees to perform the following activities, which were integral and indispensable to their principal activities, and which Plaintiff and other similarly situated manufacturing employees performed for Defendant's benefit: (a) changing

into and out of personal protective equipment; (b) walking to their assigned work area; and/or (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

24. Plaintiff and similarly-situated employees could not perform their principal activities if they dispensed of the following activities, which are intrinsic elements of their principal activities: (a) changing into and out of personal protective equipment; (b) walking to their assigned work area; and/or (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

25. In addition to being integral and indispensable to performing their principal activities, and intrinsic elements of their principal activities, Defendant and the Occupational Safety and Health Administration ("OSHA") required Plaintiff and other similarly situated manufacturing employees to don personal protective equipment. The time that Plaintiff and other similarly-situated employees spent donning personal protective equipment helped keep the work area safe and promote an efficient manufacturing process; thus, the time that Plaintiff and other similarly-situated employees spent donning personal protective equipment benefitted Defendant. Therefore, the time Plaintiff and other similarly-situated employees spent changing into and out of personal protective equipment was a principal activity that started their continuous workday.

26. Plaintiff and other similarly-situated manufacturing employees performed the following work after performing the principal activity of changing into and out of their personal protective equipment: (a) walking to and from their assigned work area; and/or (b) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time .

27. Because Plaintiff and other similarly-situated manufacturing employees performed the work described in the preceding paragraph after performing the principal activity of changing into and out of their personal protective equipment, the time spent performing such work was compensable.

28. Defendant did not compensate Plaintiff and other similarly situated manufacturing employees for time they spent performing the following activities before their scheduled start and/or after their scheduled stop times: (a) changing into and out of personal protective equipment; (b) walking to and from their assigned work area; and/or (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop time.

29. Plaintiff and other similarly situated manufacturing employees each spent approximately 30 minutes per day performing these required, but unpaid, work activities.

30. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly situated manufacturing employees for all the time they worked.

31. As a result of Defendant's practices and policies, Defendant did not compensate Plaintiff and other similarly situated manufacturing employees for time they worked in excess of 40 hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

**(Failure to Keep Accurate Records)**

32. Defendant failed to make, keep, and preserve records of the unpaid work that Plaintiff and other similarly situated manufacturing employees performed before their scheduled start times and/or after their scheduled stop times.

33. Recording Plaintiff's and other similarly situated manufacturing employees' unpaid work was not practically or administratively difficult for Defendant, as Defendant could have precisely recorded this work for payroll purposes by allowing Plaintiff and other similarly-situated employees to clock in and be paid before their scheduled start times and after their scheduled stop times.

**(Willful Violation of the FLSA)**

34. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings Count One of this action individually pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

36. The class that Plaintiff seeks to represent and for which Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is a member, is composed of and defined as follows:

> All former and current manufacturing employees of Defendant between the last three years and the present.

37. Plaintiff is currently unable to state the exact size of the potential class, but upon information and belief, avers that it consists of at least one thousand persons.

38. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

39. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated with respect to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on their behalf and her own in bringing this action.

40. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may

readily be notified of this action and allowed to opt in, pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 C.F.R. § 785.24.

43. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the FLSA.

44. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court enter judgment in their favor and:

A. Issue an order permitting this litigation to proceed as a collective action;

  B. Order prompt notice to all class members that this litigation is pending and that they have the right to "opt in" to this litigation, pursuant to 29 U.S.C. § 216(b);

  C. Award Plaintiff and the class liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

  D. Award Plaintiff and the class actual damages for unpaid wages;

  E. Award Plaintiff and the class pre- and post-judgment interest at the statutory rate;

  F. Award Plaintiff and the class reasonable attorneys' fees, costs, and disbursements; and

  G. Award Plaintiff and the class such further relief as this Court deems just and proper.

Respectfully submitted,

s/ Anthony J. Lazzaro
Anthony J. Lazzaro (MI P86195)
The Lazzaro Law Firm, LLC
The Heritage Bldg., Suite 250
34555 Chagrin Boulevard
Moreland Hills, Ohio 44022
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com

Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Anthony J. Lazzaro
One of the Attorneys for Plaintiff
