UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVION SPRINGER,

    Plaintiff,

v.

KIRCHHOFF AUTOMOTIVE USA, INC.,

    Defendant.

_____/

Case No. 2:23-cv-10350

HONORABLE STEPHEN J. MURPHY, III

### OPINION AND ORDER ON SCOPE OF DISCOVERY

Plaintiff Trevion Springer sued Defendant Kirchoff Automotive and alleged violations of the Fair Labor Standards Act (FLSA). ECF 1. The parties disagreed about the scope of discovery, so the Court ordered supplemental briefing on the application of the Sixth Circuit's new standard for issuing notice to opt-in plaintiffs in FLSA collective actions. ECF 16–20; *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). After considering the briefing and relevant law, the Court will order discovery and issue a scheduling order in accordance with the following.

### BACKGROUND

Plaintiff alleged that Defendant misclassified him and other similarly situated employees as "exempt" and failed to compensate employees for overtime hours worked in violation of the FLSA, 29 U.S.C. §§ 201–19. ECF 1. Specifically, Plaintiff purported that Defendant only paid him and similarly situated manufacturing

1

employees for work performed between their scheduled shift start and stop times. *Id.* at 3. Plaintiff continued that Defendant did not pay for the following work performed before and after their scheduled start and stop times: (a) changing into and out of personal protective equipment; (b) walking to their assigned work area; (c) performing manufacturing work that was identical to the work they performed between their scheduled start and stop times. *Id.* at 4. Plaintiff intends to pursue these claims as on behalf of himself and other similarly situated employees. *Id.* at 8.

The parties now disagree on the scope of permissible discovery. *See* ECF 17, 18. Both parties proposed bifurcating discovery. Plaintiff seeks immediate discovery of the following in an effort to identify potential plaintiffs:

> (1) the names, dates of work, addresses, telephone numbers and email addresses for all former and current non-exempt manufacturing employees of Defendant between the last three years and the present (class list);
>
> (2) time and pay data for all former and current non-exempt manufacturing employees of Defendant between the last three years and the present;
>
> (3) job descriptions and other documents showing the personal protective equipment worn for each job title of all former and current non-exempt manufacturing employees of Defendant between the last three years and the present; and
>
> (4) all relevant policies and procedures regarding timekeeping and compensation of all former and current non-exempt manufacturing employees of Defendant between the last three years and the present.

ECF 18, PgID 151−52.

Defendant agreed to provide discovery as to (3). ECF 19, PgID 183. Defendant also agreed to provide (4) but only as it "appl[ies] to [P]laintiff (or, alternatively, to [P]laintiff and the opt-ins currently involved in the litigation)." *Id.* Defendant further

2

agreed to provided "[r]esponses to written discovery limited to [P]laintiff (or, alternatively, to [P]laintiff and the opt-ins currently involved in the litigation), without waiving permissible objections." *Id.* at 184. In essence, Defendant and Plaintiff disagree about whether discovery should be limited to the named Plaintiff(s).

Defendant also suggested a ninety-day period for preliminary discovery to which Plaintiff agreed. ECF 17, PgID 137; ECF 18, PgID 162. Plaintiff requested equitable tolling. ECF 18, PgID 164. Defendant objected that tolling would be premature, ECF 19, PgID 175, but "agree[d] to toll the limitations [only] during its proposed 90-day discovery period," *Id.* at 186.

## LEGAL STANDARD

The FLSA allows plaintiffs to sue employers for violations of federal minimum-wage and overtime mandates on behalf of "similarly situated" employees. 29 U.S.C. § 216(b) ("An action to recover the liability" for unpaid minimum wages, overtime compensation, and liquidated damages "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). The FLSA requires plaintiffs to opt in if they want to become additional parties to the lawsuit. *Clark*, 68 F.4th at 1009 (explaining that, unlike a class action, "an FLSA collective action is not representative—meaning that all plaintiffs in an FLSA action must affirmatively choose to become parties") (internal quotation marks and quotation omitted)).

In *Clark*, the Sixth Circuit articulated a new standard for district courts to notify potential plaintiffs of the lawsuit and thereby provide an opportunity to opt in.

3

*Id.* at 1007, 1011. The Sixth Circuit held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiff must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011.

Before *Clark*, most district courts adopted a two-step approach to FLSA discovery. First, a district court conditionally "certified"—and sent notice to—potential plaintiffs based on a "modest factual showing" that they were similarly situated. *Id.* at 1008. The standard for conditional certification was "fairly lenient" and did not concern the merits of the case. *Id.* Then, after merits discovery ended, the court scrutinized whether the other employees were, in fact, similarly situated. *Id.* If they were similarly situated, the court granted "final certification" and the case would proceed as a collective action. *Id.* Conversely, the Fifth Circuit adopted a stringent approach that requires plaintiffs to show by a preponderance of the evidence that employees are, in fact, similarly situated before the court issues notice. *Id.* at 1009 (citing *Swales v. KLLM Transp. Servs.*, 985 F.3d 430, 434 (5th Cir. 2021)).

*Clark* rejected the common "characterization of the notice determination as a 'certification,' conditional or otherwise" *Id.* The Sixth Circuit was clear: class actions are different from collective actions and "certification" applies only to the former. *See id.* After a court facilitates notice to potential plaintiffs, the nature of the suit does not change. *Id.* The case does not then "proceed" as a collective action. *Id.* Rather, other employees who the court determines are similarly situated become equal parties to the suit. *Id.*

4

*Clark* also rejected both the commonly applied "lenient standard" and the Fifth Circuit's "conclusive standard" for determining whether to facilitate notice of an FLSA suit to other employees. *Id.* at 1009–11. Instead, the Sixth Circuit chose a middle ground and held that plaintiffs must show a "strong likelihood" that other employees are similarly situated to the original plaintiffs. *Id.* The strong-likelihood standard "requires a showing greater than the one necessary to create a genuine issue of material fact, but less than the one necessary to show a preponderance." *Id.* at 1011. The Sixth Circuit reasoned that the strong-likelihood standard "would confine the issuance of court-approved notice . . . to employees who are in fact similarly situated." In other words, *Clark's* analysis was presumably motivated by the need to balance equities in pre-notification discovery.

Indeed, the Sixth Circuit warned that "facilitation of notice must not in form or function resemble the solicitation of claims. And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation." *Id.* at 1010 (quotation marks and quotation omitted). And "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a hundredfold." *Id.* at 1007. To avoid notifying dissimilar employees of the lawsuit, "a district court may permit discovery for purposes of those similarly situated determinations." *Id.* (quoting *Hoffmann-La Roche, v. Sperling*, 493 U.S. 165, 170 (1989)). That discovery is not one-sided. Defendant is entitled to discovery of "individualized defenses" that disfavor notification just as Plaintiff is entitled to

5

discovery that may support similarly situatedness. *See id.* at 1010. Again, balance is key.

## DISCUSSION

The *Clark* court was primarily concerned with "the manner in which other employees come to learn about the existence of an FLSA suit." *Id.* at 1007. The Court now must discern how to apply *Clark's* "strong likelihood" standard to discovery in the early stages of FLSA litigation. District courts may allow discovery to determine which, if any, additional employees are similarly situated and should receive notice. *See Hoffmann-La Roche*, 493 U.S. at 170. It is the district court's responsibility as the notice gatekeeper to balance the original Plaintiff's discovery needs with the potential for misuse of the collective action device to strongarm defendants into settlement or permit misleading communications to potential plaintiffs. *See id.* at 171. With those competing considerations in mind, the Court will order discovery as follows.

I. <u>Contemporaneous Discovery</u>

The Court interprets *Clark* to encourage contemporaneous discovery. While Plaintiff may conduct discovery on whether other employees are similarly situated, Defendant may conduct discovery on the merits of the original Plaintiff(s)' claims. Accordingly, the Court will not limit discovery here to whether other employees are similarly situated. Instead, the Court will set a deadline for Plaintiff to move for Court-authorized notice. Additionally, the Court will order that discovery relevant to the motion be completed before the motion deadline. But the Court will also allow

6

merits discovery pertaining to Plaintiff and Plaintiffs who have opted in prior to this Order before the notice deadline.

Plaintiff argued for expedited discovery at the outset to resolve the question of whether other employees are similarly situated. ECF 18, PgID 147. And *Clark* supports expeditious discovery. 68 F.4th at 1011 ("district courts should expedite their decision to the extent practicable" and "may promptly initiate discovery relevant to the motion"). But *Clark* also warned about the potential prejudice to FLSA defendants who face one-sided discovery. Indeed, "the decision to send notice of an FLSA suit to other employees is often a dispositive one, in the sense of forcing a defendant to settle—because the issuance of notice can easily expand the plaintiffs' ranks a hundredfold." *Clark*, 68 F.4th at 1007. The *Clark* decision thus highlights the need to balance the discovery needs of both parties in the early-stages of FLSA litigation.

The Sixth Circuit was clear that the nature of the collective action does not change the character of the case. *Id.* at 1009 ("the notice determination has zero effect on the character of the underlying suit."). The notice determination should therefore have no effect on the merits inquiry in the underlying suit. In other words, the Court should not halt discovery of the original claims while it makes a notice determination. Regardless of whether the Court permits notification, the Plaintiffs who are already parties to the suit will be subject to full discovery. Furthermore, "[w]hether other employees are subject to individualized defenses—such as an employee's agreement to arbitrate a claim—can also affect whether particular employees are similarly

7

situated for purposes of sending notice." *Clark*, 68 F.4th at 1010. It is necessary then to conduct at least some merits discovery before determining whether potential plaintiffs are similarly situated.

Next, *Clark* does not permit initially limiting discovery to only the named Plaintiff—contrary to Defendant's contention. Defendant proposed that it should be allowed to dispense with Plaintiff's claims through dispositive motions before any discovery regarding other similarly situated employees begins. ECF 17, PgID 138–39. But the Court should "expedite [a notice decision] to the extent practicable." *Clark*, 68 F.4th at 1011. Allowing the parties to engage in merits discovery and dispositive motions before addressing notice directly contradicts the Sixth Circuit's instruction to expedite a notice decision. Plaintiff should thus be permitted to conduct discovery regarding whether other plaintiffs are similarly situated concurrent with discovery regarding the named Plaintiffs.

Of course, both parties are permitted to file dispositive motions any time before the close of all discovery—including before the deadline to complete notice discovery. *See* Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until [thirty] days after the close of all discovery."). There is no reason to delay consideration of dispositive motions, particularly given the Court's order that the parties may immediately engage in merits discovery with respect to the original Plaintiffs. The Court will therefore consider dispositive motions at any time before the close of discovery in the interest of efficiently resolving the dispute.

8

In sum, the Court will exercise its discretion and "managerial responsibility" by simultaneously permitting merits discovery as to the original Plaintiff(s) and prioritizing discovery as to potential plaintiffs to make a similarly situated determination.

### A. Defendant's Discovery Requests

Defendant proposed that Plaintiff should only be allowed timekeeping and compensation discovery that applies to Plaintiff. ECF 19, PgID 183. Not so. "[A] district court may permit discovery for purposes of those similarly situated determinations." *Clark*, 68 F.4th at 1010. (quotation marks and quotation omitted). And "[w]hether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs were." *Id*. Moreover, it is for the Court to determine whether other plaintiffs are similarly situated. *Clark*, 68 F.4th at 1009−10. Allowing Defendant to restrict discovery based on their own determination of whether an employee was similarly situated to Plaintiff would impermissibly shift this power, greatly restricting Plaintiff's access to information necessary to showing a strong likelihood of similarity and rendering that requirement unduly burdensome. Plaintiff therefore should be permitted to conduct discovery as to item (4), *supra*, without limiting production to that which "appl[ies] to Plaintiff." ECF 19, PgID 183.

Similarly, Defendant should produce "time and pay data for all former and current non-exempt manufacturing employees of Defendant between the last three

9

years and the present." ECF 18, PgID 151; *see also* ECF 19 (Defendant's objection to the production of the requested discovery). Discovery as to both timekeeping and compensation is essential in determining whether other employees are similarly situated. *Clark*, 68 F.4th at 1010. Plaintiffs therefore should be permitted discovery of "time and pay data" for other non-exempt employees. *See Clark*, 68 F.4th at 1010 (explaining that "a district court may permit discovery for purposes of those similarly situated determinations").

### B. Plaintiff's Discovery Requests

The Court will not allow the discovery of potential plaintiff's contact information before notice facilitation. *Clark* does not permit the discovery of the contact information of potential plaintiffs before a showing that there is a "strong likelihood" that the potential plaintiffs are similarly situated to Plaintiff. *See Clark*, 68 F.4th at 1010. "The Court's facilitation of notice must not in form or function resemble the solicitation of claims. And notice sent to employees who are not, in fact, eligible to join the suit amounts to solicitation of those employees to bring suits of their own." *Id.* (quotation marks and quotations omitted). Allowing Plaintiff to contact potentially similar employees would in effect allow Plaintiff the benefit of conditional certification before a showing of a "strong likelihood" that the employees are similarly situated. *Clark* expressly rejected this framework and held that such practice would amount to solicitation. *Id.* Thus, the Court will not allow Plaintiff to discover the contact information of potential plaintiffs.

10

Plaintiff nevertheless argued that because *Clark* reasoned that "other employees themselves might have evidence of similarity," it contemplated discovery before notice. ECF 18, PgID 153 (quoting *Clark*, 68 F.4th at 1010). But Plaintiff misconstrued the Sixth Circuit's statement. While *Clark* indeed noted that "other employees themselves might have evidence of similarity," it did so to rebut the idea that the Court must *conclusively* determine whether potential plaintiffs are similarly situated before issuing notice. *Clark*, 68 F.4th at 1010 (holding instead that Plaintiff must only show a "strong likelihood"). Thus, contrary to Plaintiff's contention, Plaintiff is not entitled to discovery of the class list before a notice determination.

## II. Equitable Tolling

Last, the Court finds that equitable tolling is warranted. An equitable tolling provision "is read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). In FLSA collective actions, the limitations period for a potential plaintiff continues to run until he or she files a written consent to join the action. *See* 29 U.S.C. § 256(b). Thus, "[a]s the Supreme Court noted in *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989), the inherent benefits of the collective action 'will disappear' if plaintiffs are not notified of the suit before their statute of limitations expires." *Stickle v. SCI W. Mkt. Support Ctr., L.P.*, No. CV-08-803, 2008 WL 4446539, *22 (D. Ariz. Sept. 29, 2008). And two of the three Judges in *Clark* expressly endorsed equitable tolling in FLSA actions. *Clark*, 68 F.4th at 1012−13, 17. Indeed, delays inherent in the process of determining whether others are similarly situated "could diminish FLSA collective actions to the point of being unfeasible." *Id.*

at 1012 (quotation marks and quotations omitted). And "district courts should freely grant equitable tolling to *would-be* opt-in plaintiffs." *Clark*, LLC, 68 F.4th at 1017 (J. White, concurring) (emphasis added).

Plaintiff requested equitable tolling of the limitations period for potential opt-in plaintiffs "until court-approved notice is sent to potential plaintiffs." ECF 18, PgID 164. Defendant, on the other hand, "agree[d] to toll the limitations [only] during its proposed 90-day discovery period." ECF 19, PgID 186. But the same reasons to toll the limitations period during the discovery period support tolling until the Court authorizes notice. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). Both the time it took the Court to resolve the present discovery dispute and the time it takes for the Court to issue notice are beyond the control of the would-be opt-in plaintiffs. The Court therefore will equitably toll the limitations period from March 30, 2023, the date the Court stayed litigation pending a decision in *Clark*, ECF 10, until notice is issued.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the parties must **CONDUCT** discovery in accordance with the above.

**IT IS FURTHER ORDERED** that the deadline to conduct discovery for the purpose of determining notice to potential plaintiffs will be **no later than ninety days from the issuance of this Order**.

**IT IS FURTHER ORDERED** that the deadline for Plaintiff to move for notice to potential plaintiffs will be **no later than 120 days from the issuance of this Order**.

**IT IS FURTHER ORDERED** that the parties must **FILE** a joint status report **at the end of the ninety-day notice discovery period** detailing their progress in discovery, the prospects of settlement, and proposing discovery and dispositive motions deadlines.

**IT IS FURTHER ORDERED** that the limitations period for opt-in Plaintiffs, if any, will be **TOLLED from March 30 24, 2023 until notice is issued**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: January 10, 2024