UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREVION SPRINGER and ROBERT
TROYER,                                                    Case No. 2:23-cv-10350

                    Plaintiffs,                            HONORABLE STEPHEN J. MURPHY, III

v.

KIRCHOFF AUTOMOTIVE USA, INC.,

                    Defendant.
                                                    /

## ORDER APPROVING SETTLEMENT
## AND DISMISSING THE CASE WITH PREJUDICE

The parties jointly moved for the Court to approve the settlement of Plaintiffs

Trevion Springer and Robert Troyer's Fair Labor Standards Act (FLSA) claims and

sought an order dismissing the case with prejudice and without further costs or fees

beyond those in the settlement. ECF No. 46, PageID.536. For the reasons below, the

Court will grant the motion and dismiss the case.

The Sixth Circuit has yet to definitively answer the question of whether court

approval is required for FLSA settlement agreements. Judges in this Court, however,

have held that FLSA claims cannot be waived or privately settled by the parties

without the approval of either the Department of Labor or a district court. *See, e.g.,*

*Athan v. U.S. Steel Corp.*, 523 F. Supp. 3d 960, 964–65 (E.D. Mich. 2021); *Snook v.*

*Valley-OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich.

2015). But other Judges in this Circuit have held otherwise. *See McCaskill v.*

*Samsung SDI America, Inc.*, No. 2:24-cv-11719 ECF No. 11, PageID.32–34 (E.D.

1

Mich. 2024) (Murphy, J) (collecting cases). Most notably, Judge Beaton in the Western District of Kentucky thoroughly explained how the supposed settlement-approval requirement is unmoored from the text of the FLSA and of Federal Rule of Civil Procedure 41. *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 643 (W.D. Ky. 2022). Although at present the Court is not required to approve FLSA settlement agreements, the Court will nevertheless review the motion and settlement agreement at the parties' request. But the Court will not hold a hearing because one is neither expressly required nor necessary to approve the settlement agreement. *See* E.D. Mich. L.R. 7.1(f)(2).

When considering approval, "the Court must determine that the parties were engaged in a *bona fide* dispute and that the settlement is a fair and reasonable compromise of the issues presented." *Athan*, 523 F. Supp. 3d at 965. A bona fide dispute exists when the employer's liability is "actually and reasonably in dispute." *Id.* A settlement agreement is fair and reasonable if it "reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute. *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio 2011) (quotation and quotation marks omitted).

Here, there was a bone fide dispute. For example, Plaintiffs alleged, *inter alia*, that he and similarly situated employees were not paid overtime wages in violation of the FLSA. *See* ECF 46-2, PageID.557. The parties also disagreed about whether the limitations period had run, and more. *Id.* Next, the settlement terms are fair and reasonable. Depending on the Plaintiff, the settlement amount is between 84% and

308% of the amount of overtime pay that Plaintiffs claimed Defendant owed them, which is fair in light of the complexity, expense, and likely duration of the litigation. *Id.* at 559. Plaintiffs' likelihood of success on their claims is uncertain and would require a considerable expenditure of time, money, and effort to continue to litigate, which would increase the risk and cost to both parties. Further, the parties engaged in enough discovery to uncover the strengths and weaknesses of the case and evaluate the fairness of the compromise. And experienced counsel represented the parties throughout the litigation and settlement negotiations. The parties were therefore fully aware of their rights, risks, and interests when they agreed to the proposed settlement.

The Court will thus grant the motion to approve the settlement because it is a fair and reasonable resolution of the bona fide dispute.

**WHEREFORE**, it is hereby **ORDERED** that the motion for order approving settlement [46] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

> s/ Stephen J. Murphy, III
> STEPHEN J. MURPHY, III
> United States District Judge

Dated: June 13, 2025

3